Filed 3/5/25  P. v. Williams CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DEMONTAE DAVON WILLIAMS, Defendant and Appellant. | F088254 (Super. Ct. No. F23900049) OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Mark E. Cullers, Judge.

Thomas P. Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Demontae Davon Williams appeals from a judgment after he pled no contest to one count of forcible rape.  Appointed counsel for Williams filed an opening brief which

---

[*]        Before Franson, Acting P. J., Smith, J. and Snauffer, J.

provides the procedural and factual background of the case but raises no legal challenges to the disposition. Counsel has asked this court to conduct an independent review of the record to determine if there are any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436.) Williams was advised by counsel and by this court of his right to file a supplemental brief, which he has not done. We have undertaken an examination of the record and affirm the judgment.

## STATEMENT OF THE CASE

Williams was charged on January 11, 2023, in count 1 with forcible rape (Pen. Code, § 261, subd. (a)(2))[1]; in count 2 with first degree residential burglary (§ 459); in count 3 with misdemeanor sexual battery (§ 243.4, subd. (e)(1)); and in count 4 with infliction of unjustifiable physical pain or mental suffering on an elder adult (§ 368, subd. (c)). It was also alleged that Williams had suffered a prior serious or violent felony (§ 1170.12, subd. (b) & 667, subd. (b)-(i)), plus aggravating factors pursuant to California Rules of Court, rule 4.421.

On April 25, 2024, Williams pled no contest to count 1, forcible rape, and admitted the strike prior.[2] The trial court granted the People's motion to dismiss the remaining counts.

On May 23, 2024, the trial court sentenced Williams to the middle term of six years, doubled to 12 years for the prior strike. Williams was awarded sentencing credits

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] As noted by Williams in his opening brief, the oral record does not reflect that Williams admitted the aggravating factors as part of his stipulated plea. However, the April 25, 2024, minute report states that Williams did admit the aggravating factors. Probation confirmed with the People that admission of the aggravating factors was not part of the plea. In a letter to the trial court dated October 2, 2024, Williams requested that the trial court correct the clerical error to the April 25, 2024, minute order. A copy of the letter was filed with this court. As of the filing of Williams' opening brief, the trial court has not responded to Williams' request.

2.

and ordered to pay restitution fines.  The trial court waived certain fees based on a finding of inability to pay.

## STATEMENT OF THE FACTS[3]

During the night of November 10, 2022, Williams entered the victim's home through an unlocked window.  The victim woke to find Williams lying on top of her. When the victim said, "Please don't kill me," Williams responded, "I want to suck on your titties" and touched her breasts through her shirt.  Williams lifted the victim's shirt and put his open mouth on her nipple.  He removed his pants, the victim's pants and attempted to insert his penis into the victim's vagina several times.  The victim continued to tell Williams to stop.  Williams stated he was going to ejaculate "before I leave regardless," and then placed his penis into the victim's mouth.  When he did ejaculate, he told the victim to "swallow it."  He then left through the open bedroom window.  DNA samples collected from the victim were matched to Williams.

## DISCUSSION

As noted above, Williams' counsel filed a brief with this court pursuant to *Wende.* The brief also included counsel's declaration that Williams was advised he could file his own brief with this court.  This court also notified Williams that appointed counsel had filed an opening brief that did not raise any issues and Williams had 30 days within which to submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments that he wished us to consider. Williams did not file a supplemental brief.

We have reviewed the record and are satisfied that Williams' appointed counsel has fully complied with his responsibilities and no arguable issues exist.  (*Wende, supra,* 25 Cal.3d at p. 441.)

---

[3] The summary of the facts related to count one are taken from the probation report.

## DISPOSITION

The judgment is affirmed.